UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK, a national banking association,<br><br>    Plaintiff,<br><br>v.<br><br>JV SBAM SA LLC, a Michigan Limited liability company, JOHN R. GIBBS, an individual, DIEGO REYES, an individual, GABRIEL P. WEINERT, an individual, MICHAEL OUAKNINE, an individual, and the MICHAEL OUAKNINE LIVING TRUST DATED AUGUST 27, 2019,<br><br>    Defendants. | Case No. 1:24-cv-00305<br><br>Judge Jane M. Beckering<br>Magistrate Judge Ray S. Kent |

_____

ALOIA LAW
By: Joseph N. Ejbeh (P48961)
    Ralph Colasuonno (P55019)
Attorneys for Plaintiff
48 South Main Street, Suite 3
Mt. Clemens, MI  48043
586.783.3300
ejbeh@aloia.law
colasuonno@aloia.law
_____

**PLAINTIFF'S *EX PARTE* MOTION FOR ALTERNATE SERVICE UPON ALL DEFENDANTS**

Plaintiff, the Huntington National Bank ("Plaintiff"), by and through its attorneys, brings this Motion for Alternate Service upon All Defendants in this

matter pursuant to Michigan Court Rule 2.105 as made applicable by Fed. R. Civ. P. 4(e)(1) and (h)(1)(A).

This Motion should be granted for two reasons. <u>First</u>, as set forth in the attached Brief in Support, Plaintiff's efforts to serve each of the Defendants has been diligent and the proposed alternative means to effectuate service are specifically calculated to provide the Defendants with ample notice and opportunity to file a responsive pleading.

<u>Second</u>, as more fully set forth in the attached Brief in Support, the Defendant individuals (i.e. John R. Gibbs, Diego Reyes, Gabriel P. Weinert, Michael Ouaknine and the Michael Ouaknine Living Trust) are, upon information and belief, fully aware of this pending lawsuit and are simply evading service.

For these reasons, and those further reasons and authorities set forth in the attached Brief in Support, Plaintiff respectfully requests that this Honorable Court grant its motion and allow Plaintiff to serve all Defendants in this matter via alternative means. Plaintiff further requests any and all other relief in its favor as is deemed just and appropriate under the circumstances.

    Respectfully Submitted,

/s/ Joseph N. Ejbeh
By:   JOSEPH N. EJBEH (P48961)
       RALPH COLASUONNO (P55019)
Attorneys for The Huntington National Bank
48 South Main Street, Suite 3

|  |  |
|---|---|
| Dated:  May 7, 2024 | Mount Clemens, MI 48043<br>586.783.3300<br>ejbeh@aloia.law<br>colasuonno@aloia.law |

## CERTIFICATE OF COMPLIANCE WITH THE LCivR

Plaintiff was not able to seek concurrence as to this motion as required by LCivR 7.1(d), because the Defendants are evasive and non-responsive and thus it is being submitted *Ex Parte*.

Pursuant to LCivR 7.3, the total number of words contained in the Brief in Support of Plaintiff's Ex Parte Motion for Alternate Service is 2,481 not including: (a) the caption, (b) the table of authorities; (c) the question presented; or (d) the signature block. The Brief in Support and the word count has been generated by Microsoft Word, version 2403.

Plaintiff's Ex Parte Motion and Brief in support comports with LCivR 10.1 as they are double spaced, 14-point font and on 8 ½ x 11-inch format.

|  |  |
|---|---|
|  | Respectfully Submitted,<br><br>/s/ Joseph N. Ejbeh<br>By:   JOSEPH N. EJBEH (P48961)<br>         RALPH COLASUONNO (P55019)<br>Attorneys for The Huntington National Bank<br>48 South Main Street, Suite 3<br>Mount Clemens, MI 48043<br>586.783.3300<br>ejbeh@aloia.law |
| Dated:  May 7, 2024 | colasuonno@aloia.law |

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK, a national banking association, | |
| Plaintiff, | Case No. 1:24-cv-00305 |
| v. | Judge Jane M. Beckering |
| | Magistrate Judge Ray S. Kent |
| JV SBAM SA LLC, a Michigan Limited liability company, JOHN R. GIBBS, an individual, DIEGO REYES, an individual, GABRIEL P. WEINERT, an individual, MICHAEL OUAKNINE, an individual, and the MICHAEL OUAKNINE LIVING TRUST DATED AUGUST 27, 2019, | |
| Defendants. | |

___

ALOIA LAW
By:  Joseph N. Ejbeh (P48961)
       Ralph Colasuonno (P55019)
Attorneys for Plaintiff
48 South Main Street, Suite 3
Mt. Clemens, MI  48043
586.783.3300
ejbeh@aloia.law
colasuonno@aloia.law

___

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS *EX PARTE* MOTION FOR ALTERNATE SERVICE UPON ALL DEFENDANTS**

Plaintiff, the Huntington National Bank ("Plaintiff"), by and through its attorneys, states as follows for its Brief in Support of its Motion for Alternate Service upon All Defendants in this matter:

## ISSUES PRESENTED

1. Should this Court allow Plaintiff to serve the Defendants with the Summons and Complaint in this matter by: (a) first class mail to their last known address; (b) by tacking at their last known address; (c) by email; and (d) by providing the Summonses and Complaint to their counsel of record in an unrelated federal district court case, because all Defendants (and their counsel of record in the unrelated federal district court case) are fully aware of this pending lawsuit and are simply evading service?

 **Plaintiff's Answer**: YES.

# CONTROLLING AUTHORITIES

**Cases**

*BBK Tobacco & Foods, LLP v. Gooshelly*, – F. Supp. 3d –, No. 20-10025, 2020 WL 2315879 (E.D. Mich. May 11, 2020) ................................................................8

*Big Burger Inc. v. Big Burgz, LLC*, No. 19-13413, 2020 WL 6305074, 2020 U.S. Dist. Lexis 200630 (E.D. Mich. Oct. 28, 2020) ......................................................7

*Citizens Bank, NA v. Global, LLC*, No. 20-10707, 2020 U.S. Dist. Lexus 254490; 2020 WL 9600783, at 6 (E.D. Mich. June 9, 2020) ................................................3

*Gamboa v. Ford Motor Co.*, 414 F. Supp. 3d 1035, 1043 (E.D. Mich. 2019) ..........8

*McCluskey v. Belford High School*, No. 09-14345, 2010 WL 2696599 (E.D. Mich. June 24, 2010) ................................................................................................8

*Popular Enter., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 561 (E.D. Tenn. 2004) ................................................................................................8

*Reyes-Trujillo v. Four Star Greenhouse, Inc.*, 2021 U.S. Dist. LEXIS 27665; WL 534488 (E.D. Mich. February 12, 2021) ...............................................................8

**Other Authorities**

MCR 2.105

Fed. R. Civ. P. 4

## I.   INTRODUCTION

This case involves the default of Defendant JV SBAM SA, LLC, as borrower, under the terms of a $3,960,000 commercial loan from Plaintiff, as lender, which loan is guaranteed by each of the individual Defendants in this matter. Plaintiff has made good-faith and reasonable attempts to complete service in a conventional manner on all Defendants in this case. Unfortunately, despite being fully aware of this pending lawsuit, each Defendant is simply evading service.

## I.   RELEVANT FACTUAL BACKGROUND

The individual Defendants in this matter, John R. Gibbs, Diego Reyes, Gabriel P. Weinert, Michael Ouaknine and the Michael Ouaknine Living Trust, are all defendant/obligors common to another similar but unrelated case titled: *The Huntington National Bank v. SBAM Park Avenue, L.L.C., John R, Gibbs, Diego Reyes, Gabriel P. Weinert, Michael Ouaknine and the Michael Ouaknine Living Trust Dated August 27, 2019*, U.S. District Court Case No. 2:23-cv-13000-BRM-DRG before the Honorable Brandy R. McMillion in the Eastern District of Michigan (the "Eastern District Case").

During a recent facilitation in the Eastern District Case, counsel of record for these common defendants initiated a telephone conference involving the facilitator and undersigned counsel. In that telephone conference, counsel of record for the common defendants in that case, *advocated on behalf of JV SBAM SA, LLC, the*

1

*borrower in this case*, and asked Plaintiff to delay filing this current lawsuit. Unfortunately, Plaintiff could not agree to any further delay. Prior to filing this lawsuit, however, undersigned counsel for Plaintiff specifically asked counsel of record for the defendants whether he would accept service of *this* complaint (**Exhibit A, March 26, 2024, email**) since he was already advocating on behalf JV SBAM SA, LLC and the individual defendants as guarantors. Having received no response, on April 12, 2024, undersigned counsel again emailed defendants' counsel of record in the other case (**Exhibit B, April 12, 2024, email**). Defendants' counsel of record in the Eastern District Case responded on April 15, 2024, that he was "awaiting direction" on his engagement in this matter (**Exhibit B, April 15, 2024, email**). Ultimately, undersigned counsel never received a response and Plaintiff initiated this action on April 22, 2024. Clearly, based on the above facts, the individual Defendants in this case became fully aware of this pending lawsuit. They are now simply evading service.

## II.   LEGAL STANDARD

"The core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Citizens Bank, NA v. Global, LLC*, No. 20-10707, 2020 U.S. Dist. Lexus 254490; 2020 WL 9600783, at 6 (E.D. Mich. June 9, 2020) (quoting *Henderson v United States*, 517 U.S. 654, 671

2

(1996)). Federal Rule of Civil Procedure 4 "was designed to provide maximum freedom and flexibility in the procedures for giving all defendants…notice of the commencement of the action and to eliminate unnecessary technicality in connection with service of process." *Id*. (citing 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1061 (4th ed. 2020)).

"Under Rule 4, a plaintiff may serve an individual or a corporation by 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.'" *Id.* (citing Fed. R. Civ. P. 4(e)(1), (h)(1)(A)). "With this court located in the state of Michigan, a plaintiff may complete service according to Michigan's rules of service, codified in Michigan Court Rule 2.105." *Id.*

"In cases where conventional methods of service such as personal delivery fail, Michigan Court Rules permit the use of substituted, or alternative, service." *Id*. "[T]he court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." *Id.* (quoting Mich. Ct. R. 2.105(I)(1)). "A motion for alternative service must set forth sufficient facts to show that process cannot be served . . . and must state the defendant's address or last known address, or that no address of the defendant is known." *Id.* (citing Mich. Ct. R. 2.105(I)(2)).

3

"Alternative service is not automatic and requires evidence of good-faith and reasonable attempts to complete service in a conventional manner." *Id.* A diligent search for an absentee defendant is a prerequisite to substituted service. *Id.*

"The alternative method of service must also be 'reasonably certain to inform those affected, and the means employed to notify interested parties must be more than a mere gesture; they must be means that one who actually desires to inform the interested parties might reasonably employ to accomplish actual notice.'" *Id.* (quoting *Sidun v. Wayne Co. Treasurer*, 481 Mich. 503, 509–10 (2008)).

## III.   PLAINTIFF'S EFFORTS AT CONVENTIONAL SERVICE

### a.   All Defendants have Knowledge of this Pending Matter.

As set forth above, just prior to filing this suit, undersigned counsel reached out to attorney Richard Rassel of Williams Williams Rattner & Plunkett, P.C., in Birmingham, Michigan, as Attorney-of-Record for Ouaknine, Ouaknine Living Trust, John R. Gibbs, Gabriel Weinert, and Diego Reyes in the Eastern District case, to ask whether he would accept service in this case (**Exhibits A and B**). This is because during the facilitation in the Eastern District Case, Mr. Rassel, *on behalf of these individual defendants and also on behalf of the current defendant borrower JV SBAM SA, LLC,* asked Plaintiff to delay filing *this* lawsuit. Thus, the parties clearly discussed the impending nature of this suit and the Defendants had knowledge that this lawsuit was coming.

4

Mr. Rassel continues to represent these individual Defendants in the Eastern District Case. Rather than cooperate on service in this case, however, these Defendants did not give Mr. Rassel authority to accept service in this matter thus necessitating the various diligent attempts at service below. As such, fully expecting Plaintiff's anticipated attempts at personal service, these Defendants are now, upon information and belief, taking concerted steps to evade such personal service.

b. **<u>Efforts to Serve Michael Ouaknine individually and as Trustee</u>**.

Following the filing of this suit, Plaintiff engaged Metro Process Service, LLC, to personally serve Michael Ouaknine both individually and as trustee of the Michael Ouaknine Living Trust at Ouaknine's current address of 560 Berwyn Street, Birmingham, MI 48009, which address was verified by a current LexisNexis search (**Exhibit C**). The server made three different attempts on three different days and at different times to no avail. Attached hereto is the server's affidavit for unsuccessful attempts as to Michael Ouaknine personally (**Exhibit D**) and as to Ouaknine as trustee of the Trust (**Exhibit E**).

c. **<u>Efforts to Serve Gabriel Weinert.</u>**

Following the filing of this suit, Plaintiff engaged Wade's Attorney Service, to personally serve Weinert at his current address of 13570 Cheltenham Dr., Sherman Oaks, CA 91423 which address was verified by a current LexisNexis search (**Exhibit F**). The server made three different attempts on three different days

5

and at different times to no avail. Attached hereto is the server's affidavit for unsuccessful attempts as to Weinert personally (**Exhibit G**).

### d. Efforts to Serve Diego Reyes.

Following the filing of this suit, Plaintiff engaged Metro Process Service, LLC, to personally serve Reyes at his current address of 25 Beacon Hill Rd., Grosse Pointe Farms, MI 48236, which address was verified by a current LexisNexis search (**Exhibit H**). The server made three different attempts on three different days and at different times to no avail. Attached hereto is the server's affidavit for unsuccessful attempts as to Reyes personally (**Exhibit I**).

### e. Efforts to Serve Gibbs individually and as to JV SBAM SA, LLC.

Defendant John R. Gibbs is the Resident Agent for the purpose of accepting service of process as to JV SBAM SA, LLC (**Exhibit J**). The address listed for Gibbs as Resident Agent is 240 Martin Street, Birmingham, MI 48009 (**Exhibit J**). Plaintiff hired Metro Process Service, LLC, to serve Gibbs both individually and as Resident Agent for JV SBAM SA, LLC. The process server has made attempts at both the Resident Agent address on Martin Street in Birmingham and at Gibb's current residential address of 555 S. Old Woodward Ave., Apt 703, Birmingham, MI 48009. These attempts at service have failed. Rather, Gibbs left the process server a message stating he is allegedly out of town until May 14, 2024, but he did not offer to meet or arrange with the process server to obtain the summons and complaint. Attached

hereto is the server's affidavit for unsuccessful attempts on Gibbs individually (**Exhibit K**) and as Resident Agent for JV SBAM SA, LLC (**Exhibit L**).

### IV. PROPOSED MEANS OF ALTERNATIVE SERVICE

Plaintiff proposes serving all Defendants with process in this case via <u>all</u> of the following methods:

**a. First Class Mail to Last Known Address**.

Although mailing a copy of the summons and complaint to an individual via certified/registered mail at their last known address is recognized as an appropriate method of alternative service (*See Big Burger Inc. v. Big Burgz, LLC*, No. 19-13413, 2020 WL 6305074, 2020 U.S. Dist. Lexis 200630 (E.D. Mich. Oct. 28, 2020); *see also* MCR 2.105(A)(2); Fed. R. Civ. P. 4(e)(1)), Plaintiff does not believe that the Defendants in this case will sign for any such package given the fact that they appear to be making a concerted effort to evade service, despite having knowledge of this lawsuit. Rather, Plaintiff requests that it be allowed to mail a copy of the Summons and Complaint to each Defendant, via first class mail, to their last known respective addresses. This method of service would be "reasonably certain" as set forth in *Citizens Bank, supra*, to inform the Defendants of the lawsuit and would also fall under the category of "any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard" as set forth in MCR 2.105(J)(1).

7

**b. Electronic Mail to Defendants' Known Email Addresses**.

Service via email has been approved by federal district courts in Michigan (and other federal district courts) as an appropriate means of alternate service. *See, e.g.*, *BBK Tobacco & Foods, LLP v. Gooshelly*, – F. Supp. 3d –, No. 20-10025, 2020 WL 2315879 (E.D. Mich. May 11, 2020) (permitting service through email and recognizing that "[c]ourts throughout this district and the Sixth Circuit have approved of the use of email for alternative service and have found that it complies with due process requirements"); *Gamboa v. Ford Motor Co.*, 414 F. Supp. 3d 1035, 1043 (E.D. Mich. 2019) ("Serving [the defendant] through the listed email comports with due process."); *McCluskey v. Belford High School*, No. 09-14345, 2010 WL 2696599 (E.D. Mich. June 24, 2010) ("Numerous federal courts have held that service by e-mail is appropriate and consistent with Due Process."); *Popular Enter., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 561 (E.D. Tenn. 2004) ("[T]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, e-mail."); *Citizens Bank*, 2020 WL 9600783 (permitting alternative service via email). In addition, where defendants have conducted business via electronic means, service is also appropriate. *See Reyes-Trujillo v. Four Star Greenhouse, Inc.*, 2021 U.S. Dist. LEXIS 27665; WL 534488 (E.D. Mich. February 12, 2021).

8

In this case, Plaintiff is in possession of the Defendants' known email address from previous emails in the Eastern District Case showing that these Defendants have all conducted business with Plaintiff via electronic means. These emails are as follows:

(a) Diego Reyes - dr@altermile.com and dreydq22@gmail.com;

(b) Michael Ouaknine - michael@sturgeonbaypartners.com

(c) John Gibbs - john@sturgeonbaypartners.com;

(d) Gabriel Weinert - gw@altermile.com

(**Exhibit M**). Accordingly, it would be reasonable to allow Plaintiff to serve a copy of the Summons and Complaint on each of the Defendants via these listed emails. In the case of Michael Ouaknine, he would be served via email both personally and as Trustee for his Trust. Likewise, in the case of John Gibbs, he would be served via email both personally and as the Resident Agent for JV SBAM SA, LLC.

**c. Service by Tacking**.

Another method of approved service is to affix a copy of the Summons and Complaint to the door of the last known property address of a defendant. *See Reyes-Trujillo, supra,* 2021 U.S. Dist. LEXIS 27665; WL 534488 (E.D. Mich. February 12, 2021) ("tacking a copy of the summons and complaint to the door of the address of a defendant may be considered a 'manner reasonably calculated to give the defendant actual notice' especially when accompanied by a mailing"). Here, Plaintiff

9

requests that it be allowed to have a process server "tack" the Summons and Complaint on each Defendant's door which, when combined with a mailing as requested herein, would reasonably provide notice of the proceedings to the Defendants.

    **d.    Sending the Summons and Complaints to Defendants' Attorney-of-Record in the Eastern District Case**.

Finally, Plaintiff requests that the Court allow it to send copies of the Summons and Complaint to Richard Rassel, the Defendants' Attorney-of-Record in the currently pending Eastern District Case. This method would also fall under the category of "any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard" as allowed by MCR 2.105(J)(1). This method would also give the Defendants notice of these proceedings, especially in light of the fact that: (a) Mr. Rassel continues to represent each of the individual Defendants in the Eastern District Case; and (b) Mr. Rassel, on behalf of these Defendants, has already asked Plaintiff to hold off on filing this case.

## CONCLUSION AND RELIEF REQUESTED

Based on the foregoing, Plaintiff respectfully requests this Honorable Court grant this motion and enter the proposed Order allowing Alternate Service (**Exhibit N**) on each of the Defendants by: (1) mailing a copy of the Summons and Complaint, along with the Court's Order, to each Defendant via first class mail at their last

known address as set forth herein and providing a proof of service to the Court; (2) sending a copy of the Summons and Complaint, along with the Court's Order, to each Defendant via email at their known email address as set forth herein and providing a proof of service to the Court; (3) affixing a copy of the Summons and Complaint, along with the Court's Order, to the door for each Defendant's property at each address as set forth herein and providing a proof of service to the Court; and (4) emailing and sending a copy of the Summons and Complaint to attorney Richard Rassel who is the individual Defendants' Attorney-of Record in the Eastern District Case, and providing a proof of service to the Court. Plaintiff further requests any and all other relief in its favor as is deemed just and appropriate under the circumstances.

        Respectfully submitted,
        ALOIA LAW

        /s/ Joseph N. Ejbeh
        By:  JOSEPH N. EJBEH (P48961)
              RALPH COLASUONNO (P55019)
        Attorneys for Plaintiff
        48 South Main Street, Suite 3
        Mt. Clemens, MI  48043
        586.783.3300
        ejbeh@aloia.law
        colasuonno@aloia.law

Dated:  May 7, 2024