UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HUNTINGTON NATIONAL BANK,
a national banking association,

Plaintiff,

v.

JV SBAM SA LLC, a Michigan Limited
liability company, JOHN R. GIBBS, an
individual, DIEGO REYES, an individual,
GABRIEL P. WEINERT, an individual,
MICHAEL OUAKNINE, an individual, and
the MICHAEL OUAKNINE LIVING
TRUST DATED AUGUST 27, 2019,

Defendants.

CASE: 1:24-cv-00305-JBM-
RSK
HON.: Jane M. Beckering
MAG.: Ray Kent

---

**ANSWER TO VERIFIED COMPLAINT FOR FORECLOSURE,
APPOINTMENT OF RECEIVER AND OTHER RELIEF, AND
<u>AFFIRMATIVE DEFENSES</u>**

Defendants JV SBAM SA LLC, John R. Gibbs, Diego Reyes, Gabriel P.

Weinert, Michael Ouaknine, and Michael Ouaknine Living trust dated August 27,

2019, by their attorneys Williams, Williams, Rattner & Plunkett, P.C., for their

Answer to Complaint state:

## <u>NATURE OF THE CASE</u>

1.      This action involves the default of Defendant JV SBAM SA, LLC, the

("Borrower"), under the terms of a commercial loan in the original principal

01871440.DOCX

amount of $3,960,000.00 (the "Loan") from the Plaintiff ("Lender"), guaranteed by the other remaining named Defendants.

**Response:** Deny as to any alleged default.

2.      This action is instituted to recover the amounts due and owing under the Loan, for recovery of amounts due under the guaranties at issue, for foreclosure of the real property given to secure the indebtedness under the Loan, and for the appointment of a receiver to prevent waste, prevent damage or destruction of the property, to operate and manage the property, collect rents and proceeds, and/or to sell the property at issue.

**Response:** Deny as to any alleged default.

## PARTIES, JURISDICTION AND VENUE

3.      Plaintiff incorporates by reference each of the foregoing allegations contained in this Complaint.

**Response:** Defendants incorporate by reference each of the foregoing answers contained in this Answer.

4.      Plaintiff is the successor by merger to TCF National Bank and is a national banking association with its main office as set forth in its articles of association in Columbus, Ohio. Thus, Plaintiff is a citizen of Ohio for purposes of diversity jurisdiction under 28 U.S.C. §1332.

2

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

5.     Upon information and belief, Defendant John R. Gibbs is an individual who resides in and maintains a Michigan address, and who operates a business in Michigan and is therefore domiciled in Michigan and is considered a citizen of Michigan for purposes of diversity jurisdiction under 28 U.S.C. §1332.

**Response:** Admit.

6.     Upon information and belief, Defendant Michael Ouaknine is an individual who resides in and maintains a Michigan address, and who operates a business in Michigan and is therefore domiciled in Michigan and is considered a citizen of Michigan for purposes of diversity jurisdiction under 28 U.S.C. §1332.

**Response:** Admit.

7.     Upon information and belief, Defendant The Michael Ouaknine Living Trust Dated August 27, 2019 is a trust formed and existing under the laws of the state of Michigan. The situs of said Trust is in Michigan and its trustees both reside in and conduct business in Michigan, and therefore the Trust is domiciled in Michigan and is therefore considered a citizen of Michigan for purposes of diversity jurisdiction under 28 U.S.C. §1332.

**Response:** Admit.

8.      Upon information and belief, Defendant Diego Reyes is an individual who resides in and maintains a Greenwich, Connecticut address and is therefore domiciled in Connecticut and is considered a citizen of Connecticut for purposes of diversity jurisdiction under 28 U.S.C. §1332.

**Response:** Admit.

9.      Upon information and belief, Defendant Gabriel P. Weinert is an individual who resides in and maintains a Los Angeles, California address and is therefore domiciled in California and is considered a citizen of California for purposes of diversity jurisdiction under 28 U.S.C. §1332.

**Response:** Admit.

10.      Defendant JV SBAM SA, LLC is a Michigan limited liability company with its principal place of business in Michigan, and its citizenship for purposes of diversity jurisdiction is based on the citizenship of its members. Delay v. Rosenthal Collins Grp., LLC, 585 F.3d 1003, 1005 (6th Cir. 2009).

**Response:** Admit.

11.      The members of JV SBAM SA, LLC consist of two limited liability companies:

(i)     SBAM Wealthy Street QOF, LLC, a Michigan limited liability

company, holding a 24.12% membership interest, and

(ii)     Golden Glades Grand Rapids Opportunity Fund, LLC, a Delaware

limited liability company, holding a 75.88% membership interest.

**Response:** Admit.

12.    The members of SBAM Wealthy Street QOF, LLC are each of the

individual defendants listed above:

(a)    John R. Gibbs;

(b)    Michael Ouaknine;

(c)    The Michael Ouaknine Living Trust Dated August 27, 2019;

(d)    Diego Reyes; and

(e)    Gabriel P. Weinert. The citizenship of each of these

individuals is as set forth in paragraphs 5-9 above. Each of

their respective citizenships are diverse to Plaintiff's Ohio

citizenship and therefore, there exists diversity for purposes

of 28 U.S.C. §1332.

**Response:** Admit.

13.    The four individual members of Golden Glades Grand Rapids Opportunity

Fund, LLC, are:

(i) Alex Durand individually and the Alex Durand Family Trust;

(ii) Sam Shefrin;

(iii) The Scott Hendrickson Family Trust; and

(iv) Taylor Beaupain.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

14.     Upon information and belief, Alex Durand and The Alex Durand Family Trust is an individual and Trust that resides in and maintains a Dallas, Texas address and is therefore domiciled in the state of Texas and is considered a citizen of the state of Texas for purposes of diversity jurisdiction under 28 U.S.C. §1332.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

15.     Upon information and belief, Scott Hendrickson and The Scott Hendrickson Family Trust is an individual and Trust that resides in and maintains a Park City, Utah address and is therefore domiciled in the state of Utah and is considered a citizen of the state of Utah for purposes of diversity jurisdiction under 28 U.S.C. §1332.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

6

16.     Upon information and belief, Sam Shefrin is an individual who resides in and maintains a Castle Rock, Colorado address and is therefore domiciled in the state of Colorado and is considered a citizen of Colorado for purposes of diversity jurisdiction under 28 U.S.C. §1332.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

17.     Upon information and belief, Taylor Beaupin is an individual that resides in and maintains a Manhattan Beach, California address and is therefore domiciled in the state of California and is considered a citizen of California for purposes of diversity jurisdiction under 28 U.S.C. §1332.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

18.     Complete diversity of citizenship exists as to all named Defendants and Plaintiff-Lender for purposes of establishing diversity jurisdiction under 28 U.S.C. §1332.

**Response:** Defendants do not contest jurisdiction.

19.     Jurisdiction is also proper under 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00 and Plaintiff otherwise seeks equitable relief

including, without limitation, appointment of a receiver under Fed. R. Civ. P. 66 and federal law.

**Response:** Defendants do not contest jurisdiction.

## GENERAL ALLEGATIONS

20.     Plaintiff incorporates by reference each of the foregoing allegations contained in this Complaint.

   A. Loan Documents and Secured Indebtedness.

**Response:** Defendants incorporate by reference each of the foregoing answers contained in this answer.

21.     On May 14, 2021, JV SBAM SA, LLC, as borrower (hereinafter referred to as "Borrower"), executed a Term Loan Promissory Note with the Plaintiff in the original amount of $3,960,000.00 (the "Term Note") (Exhibit A) along with a Term Loan Agreement (the "Term Loan Agreement") (Exhibit B), designated as Loan No. xxxxxx2810, to secure partial funding of Borrower's purchase of the real properties known as: (a) 440 Grandville Ave, Grand Rapids, Michigan 49503 (the "Grandville Property"); and (b) 188-190 Wealthy Street, SW, Grand Rapids, Michigan 49503 (the "Wealthy Property") (collectively both properties shall be referred to as the "Property").

01871440.DOCX

**Response:** Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

22.    The Loan is secured by a mortgage granted by Borrower to Plaintiff dated May 14, 2021, in which Plaintiff was granted a first secured interest in the Property, as recorded on May 20, 2021, as Document No. 202105200059873, Kent County Records (the "Mortgage") (Exhibit C).

**Response:** Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

23.    The Loan is further secured and evidenced by an Assignment of Leases and Rents granted by Borrower to Plaintiff dated May 14, 2021, in which Plaintiff was granted an assignment of secured interest in the Property, as recorded on May 20, 2021, as Document No. 202105200059274, Kent County Records (the "Assignment of Leases and Rents") (Exhibit D).

**Response:** Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

24.    The Loan is further secured and evidenced by the Bank's perfected filing of a UCC Financing Statement with the Michigan Department of State, recorded on May 14, 2021, as Filing Number 20210514000523-1 (the "UCC Financing Statement") (Exhibit E).

01871440.DOCX

**Response:** Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

25.     The payment of the Loan is guaranteed by the Michael Ouaknine Living Trust Dated August 27, 20191 (the "Trust"), John R. Gibbs, individually ("Gibbs"), Michael Ouaknine, individually ("Ouaknine"), Diego Reyes, individually ("Reyes"), and Gabriel P. Weinert, individually ("Weinert") (each a "Guarantor" and collectively, the "Guarantors"), promising the full and prompt repayment of the Term Note according to the expressed terms set forth in the "Guaranty of Payment" dated May 14, 2021 (the "Guaranty of Payment") (Exhibit F).

**Response:** Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

26.     The Loan is further evidenced by other unnamed loan documents that may exist as contained in the Plaintiff's Loan file (collectively, the "Other Loan Documents").

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations

27.     The Loan originally matured on May 14, 2023.

10

**Response:** Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

28.     On June 21, 2023, (but with an effective date of May 14, 2023) Borrower and Guarantors executed a First Amendment to Term Loan Agreement, Term Note and Loan Documents ("First Amendment") which, among other things, extended the maturity date of the Loan to January 3, 2024 (Exhibit G).

**Response:** Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

29.     Together, the Term Note, Term Loan Agreement, the First Amendment, Mortgage, Assignment of Leases and Rents, UCC Financing Statement, Guaranty of Payment and the Other Loan Documents are collectively referred to hereafter as the "Loan Documents", and the amounts due under the Loan Documents shall be referred to herein as the "Indebtedness".

   B. Events of Default under the Loan Documents.

**Response:** No response is necessary to the allegations in this paragraph since they are not statements of fact.  To the extent that an answer is necessary, Defendants deny the allegations.

30.     Section 1.2 of the First Amendment provided, in part, that if Borrower provided to Plaintiff a term sheet from a new lender evidencing exit financing, as a

01871440.DOCX

condition precedent, the Plaintiff would agree to extend the maturity date of the Loan from January 1, 2024, to July 1, 2024 (Exhibit G, page 3).

**Response:** Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

31.     Borrower failed to provide any term sheet to Plaintiff.

**Response:** Deny.

32.     Accordingly, the Term Note has matured as of January 3, 2024, and is in Default for the Borrower's failure to pay the entire indebtedness due and owing under the Loan upon Maturity that occurred on January 3, 2024 (the "Maturity Default").

**Response:** Deny.

33.     The Loan Documents provide that if the Principal Balance and all accrued interest and charges have not been "repaid on or before the Maturity Date, or if an Event of Default occurs pursuant to the Loan Agreement or any other document or instrument securing the Note then, upon notice…to Borrower, at the option of Lender, interest on the Principal Balance shall accrue at an annual rate equal to five percent (5%) per annum plus the interest rate that otherwise would be in effect under this Note in the absence of any such failure to pay or Event of Default (the

"Default Rate"), until all Events of Default have been cured." (Exhibit A, ¶ 2.2 (c), page 4).

**Response:** Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

34.    The Plaintiff invoked the Default Rate under the Loan Documents as of January 3, 2024, and has applied the Default Rate (fourteen percent (14%) per annum) to the Term Loan and Note.

**Response:** Defendants lack knowledge of information sufficient to form a belief about the truth of the allegations.

35.    In addition to the Maturity Default, the Borrower has failed to pay the 2023 Summer real estate taxes for the Property which is also a default under the Loan Documents ("Tax Default") (Exhibit H).

**Response:** Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s) or the payment or partial payment of the subject taxes.

36.    Under Michigan law, failure to pay real estate taxes amounts to waste.

**Response:** No answer is necessary to this paragraph since it merely states a legal conclusion. To the extent an answer is required, Defendants deny the allegations.

37.     In addition to the Maturity and Tax Default, there exists other uncured events of default under the Loan Documents as set forth in the Plaintiff's Default Letter dated February 14, 2024 (Exhibit I).

**Response:** Deny. Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

38.     On February 14, 2024, Plaintiff sent Defendants a notice of default and demand for payment (Exhibit I), that summarizes all Defaults and failure to cure.

**Response:** Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

39.     Despite the notice of default and demand for payment, and the attempt at an amicable resolution to avoid litigation, the Borrower has failed and refuses to pay the Indebtedness owed under the Loan and to date remains in default.

**Response:** Deny.

40.     Pursuant to the First Amendment, Defendants released Plaintiff from any and all claims, damages and obligations and further warranted and represented they had no defense to payment of, nor any right to set off against, any of the obligations to the Plaintiff under the Loan Documents. (Exhibit G, section 2.5, pages 5-6).

14

**Response:** Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

41.    Defendants currently owe Plaintiff the following outstanding balance under the Loan, inclusive of interest and late fees through March 22, 2024, plus all accruing but unpaid interest, late fees, other disbursements, penalties, protective advances, and other lawful charges under the Loan Documents after said date and through the date of judgment, exclusive of all attorney fees and costs (referred to and defined hereafter as the ("Loan Balance"):

Principal: $3,861,903.54

Interest: $129,881.82 Late Charges: $7,551.21

Other fees $90.00

Loan Balance: $3,999,426.57

**Response:** Deny.

42.    Borrower and Guarantors are also contractually liable for payment of Plaintiff's attorney fees and costs incurred by Plaintiff by virtue of default and acceleration of the Indebtedness and for Plaintiff's enforcement of the Loan Documents.

    C.  Contractual Right to Appointment of Receiver.

**Response:** Deny.

43.     Pursuant to the Loan Documents including, without limitation, at section 10.0(e) of the Loan Agreement (Exhibit B) and at section 20 of the Mortgage (Exhibit C), the Borrower explicitly agreed and consented to the appointment of a receiver over the Property upon the occurrence and during the continuance of a default under the Loan Documents.

**Response:** Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

44.     The appointment of a receiver over the Property in this case is necessary to prevent waste, loss, transfer, dissipation, or impairment as the Borrower remains in default under the Loan Documents.

**Response:** Deny.

45.      In addition, and a result of the Defendant Borrower's conduct, the collateral held by the Mortgage may not be sufficient to satisfy the secured obligation due.

**Response:** Deny.

46.     This Court should appoint a receiver pursuant to Fed. R. Civ. P. 66 and applicable law to allow Plaintiff to realize upon its commercial collateral and be made whole.

**Response:** Deny.

16

## <u>COUNT I - BREACH OF COMMERCIAL NOTE</u>

47.    Plaintiff incorporates by reference each of the foregoing allegations

contained in this Complaint.

**Response:** Defendants incorporate by reference each of the foregoing answers

contained in this Answer.

48.    By executing and delivering the Term Note to Plaintiff in exchange for the

loan proceeds, the Borrower entered into a valid and binding contract, thereby

obligating itself to honor the terms of the Loan Documents (Exhibit A).

**Response:** No answer is necessary to this paragraph since it merely states a legal

conclusion. To the extent that an answer is required, Defendants deny the

allegations.  Defendants deny any allegation in this paragraph that are inconsistent

with the referenced exhibit(s).

49.    The Term Note, at section 5, states that the occurrence of any "Event of

Default" under the Term Loan Agreement, would also constitute an event of

default under the Term Note.

**Response:** Defendants deny any allegation in this paragraph that are inconsistent

with the referenced exhibit(s).

50.    Borrower is in default of the Term Note because it has matured, and

Borrower has failed to pay the Indebtedness due upon maturity.

17

**Response:** Deny.

51.    In addition, Borrower is also in default for failure to fund the Interest

Reserve Account, failure to pay real estate taxes when due and failure to make loan

payments when due.

**Response:** Deny.

52.    Despite notice and opportunity to cure, the Borrower has neglected and/or

refused to pay the Indebtedness due under the Loan Document to Plaintiff.

**Response:** Deny.

53.    As a result of the Borrower's failure to comply with its obligations under the

Loan Documents, Plaintiff has suffered and will continue to suffer damages due to

the Borrower's defaults.

**Response:** Deny.

54.    Should this Court appoint a receiver over the Property, and to the extent any

receivership sale does not generate proceeds sufficient to pay off the entire

Indebtedness due under the Loan Documents, Plaintiff will continue to suffer

damages.

**Response:** Deny.

18

55.     Under the terms of the Loan Documents, Plaintiff is entitled to a judgment against the Borrowers for any deficiency amount remaining, including all attorney fees and costs, following any disposition of the Property by any receiver appointed by this Court.

**Response:** Deny.

## <u>COUNT II – BREACH OF GUARANTY</u>

56.     Plaintiff incorporates by reference each of the foregoing allegations contained in this Complaint.

**Response:** Defendants incorporate by reference each of the foregoing answers contained in this Answer.

57.     The Guaranty of Payment executed by the Michael Ouaknine Living Trust Dated August 27, 2019, John R. Gibbs, individually, Michael Ouaknine, individually, Diego Reyes, individually, and Gabriel P. Weinert, individually, is a valid and enforceable contract (Exhibit F).

**Response:** No answer is necessary to this paragraph since it merely states a legal conclusion. To the extent an answer is required, Defendants deny the allegations. Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

01871440.DOCX

58.     Under the Guaranty of Payment, each of the Guarantors unconditionally and irrevocably promised to pay the Indebtedness due by the Borrower under the Term Note in the event of a default thereunder.

**Response:** Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

59.     After notice was provided to the Borrower of its default and demand for payment by Plaintiff, the Guarantors neglected and/or refused to pay the Indebtedness due.

**Response:** Deny.

60.     Guarantors' failure to pay constitutes a breach of the Guaranty of Payment.

**Response:** Deny.

61.     Plaintiff has suffered damages because of the Guarantors' failure to honor the terms of the Guaranty of Payment.

**Response:** Deny

## COUNT III – BREACH OF THE ASSIGNMENT OF RENTS

62.     Plaintiff incorporates by reference each of the foregoing allegations contained in this Complaint.

**Response:** Defendants incorporate by reference each of the foregoing answers contained in this Answer.

63.     The Assignment of Rents executed by the Borrower is a valid and enforceable contract (Exhibit D).

**Response:** No answer is necessary to this paragraph since it merely states a legal conclusion. To the extent an answer is required, Defendants deny the allegations. Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

64.     Pursuant to the Assignment of Rents, Plaintiff has an unconditional and absolute right and interest in and to all rents and proceeds from the Property.

**Response:** Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s)

65.     Any occurrence of an "Event of Default" by the Borrower under the Term Loan Agreement (Exhibit B, section 10.1) constitutes a default under the Assignment of Rents which immediately suspends the Borrowers' right to collect such rents and proceeds (Exhibit D, section7).

**Response:** Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s)

01871440.DOCX

66.     Upon any default under the Assignment of Rents, the right to collect such rents and proceeds inures to the Plaintiff who, by way of receiver or otherwise, may collect such rents and proceeds as allowed thereunder.

**Response:** Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s)

67.     The Borrower remains in default under the Loan Documents and has failed and refused to turn over any such rents and proceeds and/or the ability to generate such rents and profits to the Plaintiff.

**Response:** Deny.

68.     Plaintiff has suffered damages as a result of Borrower's breach of the Assignment of Rents.

**Response:** Deny.

## COUNT IV – FORECLOSURE UPON MORTGAGE

69.     Plaintiff incorporates by reference each of the foregoing allegations contained in this Complaint.

**Response:** Defendants incorporate by reference each of the foregoing answers contained in this answer.

70.     The Borrower is in default under the terms of the Loan Documents.

01871440.DOCX

**Response:** Deny.

71.    Plaintiff has provided appropriate notice to Defendants of their defaults.

**Response:** Deny.

72.    Despite such notices, Defendants have failed, refused, or neglected to cure

such defaults or to make payment as required under the terms of the Loan

Documents.

**Response:** Deny.

73.    Under the Loan Documents, such defaults entitle Plaintiff to exercise all

remedies under the Loan Documents and applicable law. Such remedies include,

without limitation, the option to commence proceedings to foreclose the Mortgage.

**Response:** Deny. Defendants deny any allegation in this paragraph that are

inconsistent with the referenced exhibit(s).

74.    There are no current proceedings to recover all, or part of the debt secured

by the Mortgage, or any part of it, and no part of the debt currently due and owing

has been collected or paid.

**Response:** Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations.

75.    Based upon a search of title, Plaintiff has joined as Defendants to this suit all those persons and entities whose interests appear of record or whose interests Plaintiff is otherwise aware of and whose interests will be extinguished or otherwise adversely affected by foreclosure of the Mortgage in this count.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

76.    The total amount the Borrower owes under the Loan Documents is $3,999,426.57, inclusive of interest and late fees through March 22, 2024. The Borrower is liable for the immediate payment of this amount, together with interest which continues to accrue thereon, plus attorney fees, costs and expenses incurred and to be incurred by Plaintiff in collection thereof.

**Response:** Deny.

## **COUNT V – APPOINTMENT OF RECEIVER**

77.    Plaintiff incorporates by reference each of the foregoing allegations contained in this Complaint.

**Response:** Defendants incorporate by reference each of the foregoing answers contained in this Answer.

78.    Section 20 of the Mortgage (Exhibit C) provides:

> 20.   Appointment of Receiver. Upon or at any time after the filing of a complaint to foreclose this Mortgage, the court in which such complaint is filed shall, upon petition by the Lender, appoint a receiver for the Mortgaged Property in accordance with the Act. Such appointment may be made either before or after sale, without notice, without regard to the solvency or insolvency of the Borrower at the time of application for such receiver and without regard to the value of the Mortgaged Property or whether the same shall be then occupied as a homestead or not and the Lender hereunder or any other holder of the Note may be appointed as such receiver. Such receiver shall have power to collect the rents, issues and profits of the Mortgaged Property (i) during the pendency of such foreclosure suit, (ii) in case of a sale and a deficiency, during the full statutory period of redemption, whether there be redemption or not, and (iii) during any further times when the Borrower, but for the intervention of such receiver, would be entitled to collect such rents, issues and profits. Such receiver also shall have all other powers and rights that may be necessary or are usual in such cases for the protection, possession, control, management and operation of the Mortgaged Property during said period, including, to the extent permitted by law, the right to lease all or any portion of the Mortgaged Property for a term that extends beyond the time of such receiver's possession without obtaining prior court approval of such lease. The court from time to time may authorize the application of the net income received by the receiver in payment of (a) the Indebtedness, or by any decree foreclosing this Mortgage, or any tax, special assessment or other lien which may be or become superior to the lien hereof or of such decree, provided such application is made prior to foreclosure sale, and (b) any deficiency upon a sale and deficiency.

**Response:** Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

79.   As described herein, the Borrower has defaulted under the Loan Documents for the reasons as stated above and herein.

**Response:** Deny.

80.   Pursuant to section 20 of the Mortgage, the Borrower contractually agreed and consented to the appointment of the receiver upon or at any time after filing a complaint for foreclosure. (Exhibit C).

**Response:** Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

81.    Plaintiff is further entitled to the appointment of a receiver over the Property under the terms of the Assignment of Rents. Upon any default under the Assignment of Rents, the right to collect such rents and proceeds inures to the Plaintiff who, by way of receiver or otherwise, may collect such rents and proceeds as allowed thereunder. (Exhibit D, section 8, page 6).

**Response:** Deny. Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

82.    Plaintiff will suffer irrevocable loss and irreparable harm by substantial deterioration in the value of its collateral unless a receiver is appointed to manage, operate, maintain, control, and protect the Property, to collect rents and proceeds, and to cause payment of necessary expenses such as utilities, taxes and insurance, maintenance, and generally to preserve and protect the Property and Plaintiff's mortgage interest thereon.

**Response:** Deny.

83.    All parties having an interest in the Property will suffer irreparable loss unless a receiver is appointed to manage, control, and ultimately sell the Property, in lieu of a foreclosure sale, and apply the proceeds of any such sale to pay any and all valid expenses, liens and interests thereon.

**Response:** Deny.

84.    This Court may appoint a receiver under Fed. R. Civ. P. 66 and applicable

law.

**Response:** No answer is necessary to this paragraph since it merely states a legal

conclusion. To the extent an answer is required, Defendants deny the allegations.

## <u>COUNT VI - ATTORNEY FEES AND COSTS</u>

85.    Plaintiff incorporates by reference each of the foregoing allegations

contained in this Complaint.

**Response:** Defendants incorporate by reference each of the foregoing answers

contained in this Answer.

86.    Section 6 of the Term Note (Exhibit A) clearly states that if any suit or

action is instituted by Plaintiff or if attorneys are retained to collect on the Term

Note, the Borrower contractually promises and agrees to pay all out of pocket costs

of collection including reasonable attorneys' fees and court costs.

**Response:** Defendants deny any allegation in this paragraph that are inconsistent

with the referenced exhibit(s).

87.    In addition, pursuant to section 29(e) of the Mortgage (Exhibit C) the

Borrower also promised and agreed to pay Plaintiff all reasonable attorneys' fees

associated with the enforcement of the Term Note, the Mortgage or other Loan

Documents.

**Response:** Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

88.    Both the Term Note and the Mortgage are valid and binding contracts between the Parties.

**Response:** No answer is necessary to this paragraph since it merely states a legal conclusion. To the extent an answer is required, Defendants deny the allegations. Defendants deny any allegation in this paragraph that are inconsistent with the referenced exhibit(s).

89.    As a result of the Borrower's defaults as described herein, Plaintiff has commenced these proceedings to collect upon the Indebtedness due under the Term Note and has incurred damages in the form of attorneys' fees and costs.

**Response:** Deny.

90.    The Borrower is contractually liable for Plaintiff's out of pocket collection costs including reasonable attorneys' fees and court costs.

**Response:** Deny.

## **REQUEST FOR RELIEF**

Defendants respectfully request that the Court provide them with the following

relief:

      a. dismiss with prejudice all of the claims in Plaintiff's Complaint;

      b. deny all of Plaintiff's claims for relief;

      c. deny Plaintiff's claims for attorneys' fees;

      d. deny Plaintiff's request for the appointment of a receiver; and

      e. provide Defendants with all other relief that the Court believes is

        appropriate.

> WILLIAMS, WILLIAMS, RATTNER &
> PLUNKETT, P.C.
>
>
> /s/ *Jeremy M. Manson*
> Jeremy M. Manson (P76920)
> Richard E. Rassel, III (P57540)
> Attorney for Defendants
> 380 N. Old Woodward Ave., Ste. 300
> Birmingham, MI  48009
> (248) 642-0333

Dated:  June 19, 2024

01871440.DOCX

## <u>AFFIRMATIVE DEFENSES</u>

Defendants, by their attorneys Williams, Williams, Rattner & Plunkett, P.C., for the defenses that they may or will rely upon at the time of trial state:

1. Plaintiff's prior material breach(es) of contract has/have excused Defendants' performance under the applicable contracts.

2. Plaintiff has breached the implied covenant and duty of good faith and fair dealing in the performance of its contractual obligations and it has in bad faith

attempted to destroy Defendants' right to receive the benefits of the parties' agreements, barring Plaintiff's claims.

3. Plaintiff's claims are barred in whole or in part due to waiver and/or estoppel.

4. Plaintiff's claims are barred by laches.

5. Plaintiff has unclean hands.

6. Plaintiff has failed to state a claim upon which relief may be granted.

7. Plaintiff has failed to mitigate its alleged damages.

8. Due to Plaintiff's actions, Defendants performance under the applicable contracts has become impossible or impractical.

9. Plaintiff is over collateralized and there is no basis for the appointment of a receiver.

01871440.DOCX

10. The parties have modified the applicable contracts and/or waived certain rights and duties under the applicable contracts verbally, in writing, and/or through a clear course of conduct such that the Defendants are not in default as alleged in the Complaint and Defendants are not liable to Plaintiff.

WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.

/s/ *Jeremy M. Manson*
Jeremy M. Manson (P76920)
Richard E. Rassel, III (P57540)
Attorney for Defendants
380 N. Old Woodward Ave., Ste. 300
Birmingham, MI  48009
(248) 642-0333

Dated:  June 19, 2024

31

01871440.DOCX